[Cite as *Smith v. Marquis*, 2018-Ohio-300.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JA'RELLE J. SMITH | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Petitioner | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 17 CA 37 |
| DAVID MARQUIS, WARDEN | |
| | |
| Respondent | O P I N I O N |


CHARACTER OF PROCEEDING:      Writ of Habeas Corpus


JUDGMENT:      Denied


DATE OF JUDGMENT ENTRY:      January 25, 2018


APPEARANCES:

For Petitioner      For Respondent

JA'RELLE J. SMITH      MICHAEL DEWINE
PRO SE      ATTORNEY GENERAL
Post Office Box 8107      JERRI L. FOSNAUGHT
Mansfield, Ohio  44901      ASSISTANT ATTORNEY GENERAL
      150 East Gay Street, 16th Floor
      Columbus, Ohio  43215

*Wise, J.*

{¶1} Petitioner, Ja'Relle J. Smith, has filed a petition for writ of habeas corpus alleging his bindover from juvenile court was improper because his father was not given notice of the bindover proceedings. Respondent has filed a motion to dismiss arguing Petitioner has or had an adequate remedy at law which precludes the issuance of a writ of habeas corpus.

FACTS

{¶2} Petitioner was charged with (1) Aggravated Robbery, Aggravated Burglary, and Kidnapping in Case Number DL 12-01-000008, (2) Aggravated Robbery and Aggravated Burglary in Case Number DL 12-02-000319, and (3) two counts of Aggravated Robbery and one count of Aggravated Burglary in Case Number DL 12-03-000519. On March 22, 2012, the three aforementioned cases were set for a pretrial. At the pretrial, Petitioner waived his right to a probable cause hearing and agreed these cases were required to be bound over to the General Division of the Summit County Court of Common Pleas.

{¶3} Also during this hearing, the prosecutor advised additional charges had been filed against Petitioner, and it was the state's intention to file motions to relinquish jurisdiction to the general division from the juvenile division in the second set of cases. (Tr. 8, March 22, 2012). During the pretrial, the Court located the two new cases and arraigned Petitioner on the final two case numbers: DL 12-03-000692 and DL 12-03-000687. At the conclusion of the March 22, 2012 hearing, the court instructed the parties to obtain a pretrial hearing date on the two new cases. Petitioner's father was present during the March 22, 2012 hearing.

**{¶4}** On March 26, 2012, the trial court issued a judgment entry advising case numbers DL 12-03-000692 and DL 12-03-000687 were set for a pretrial on March 27, 2012 at 2:00 p.m. The entry indicates a copy of the pretrial notice was sent to Tony Smith, Sr., Petitioner's father. Further, the transcript demonstrates Petitioner's father was present when the trial court advised the parties to obtain a hearing date for the second set of cases.

**{¶5}** A pretrial was held on the final two cases on March 27, 2012. Petitioner waived the probable cause hearing just as he had in the first set of cases, and the second set of cases was bound over to the general division for consideration by the grand jury. Petitioner's father was not present during the March 27, 2012 hearing.

HABEAS CORPUS

**{¶6}** The Supreme Court has explained the habeas corpus principles relevant to a challenge of an improper bindover, "'Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law.' *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction has an adequate remedy at law by appeal. *See State ex rel. Blackwell v. Crawford,* 106 Ohio St.3d 447, 2005-Ohio-5124, 835 N.E.2d 1232, ¶ 19. We have applied this principle in habeas corpus cases involving a claim of an improper bindover. *Agee v. Russell* (2001), 92 Ohio St.3d 540, 544, 751 N.E.2d 1043." *Smith v. Bradshaw*, 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶ 10 (2006).

**{¶7}** Petitioner's sole argument is that there is no written record of service of notice of the hearing(s) upon Petitioner's father. As evidence, he has attached what

appears to be copies of the juvenile court's electronic docket. Respondent in turn has attached copies of the actual notices which contain notations of service upon Petitioner's Father/parent(s).

{¶8} Petitioner cites *Turner v. Hooks,* 4th Dist. No. 15CA3477, 2016-Ohio-3083, 55 N.E. 3d 1133[1] in support of his claim. The *Turner c*ourt held where notice of the bindover hearing was improper, the court of common pleas was deprived of subject matter jurisdiction which in turn warranted the issuance of a writ of habeas corpus. The case before us is distinguishable from *Turner.* In *Turner*, the trial court gave notice of the bindover hearing to the defendant's parents who were not his current legal custodians. In this case, the judgment entries reflect notice was provided to Petitioner's parents. Petitioner does not aver his parents are not his current custodians.

{¶9} Further, the hearing set in the case at bar was a pretrial hearing not a bindover hearing. *Turner* centered on the notice requirements for a bindover hearing found in R.C. 2152.12. This statute is only implicated when a bindover hearing is held. The bindover hearing had not yet been set in this case. Rather, a pretrial was set where the parties reached an agreement to waive a R.C. 2152.12 bindover hearing.

{¶10} Finally, we find an adequate remedy at law exists or existed to challenge Petitioner's bindover. Petitioner did raise numerous challenges to the bindover proceeding in his initial appeal of right. "Where a plain and adequate remedy at law has been unsuccessfully invoked, extraordinary relief is not available to relitigate the same issue. *Childers v. Wingard* (1998), 83 Ohio St.3d 427, 428, 700 N.E.2d 588, 589. In other

---

[1] As of the writing of this opinion, an appeal of the Fourth District's decision in *Turner v. Hooks,* 4th Dist. No. 15CA3477, 2016-Ohio-3083, 55 N.E. 3d 1133 is pending in the Ohio Supreme Court, Case Number 2016-0788.

words, [a petitioner] may not use his extraordinary writ in order to gain successive appellate reviews of the same issue. *See State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 249, 594 N.E.2d 616, 620." *Agee v. Russell*, 92 Ohio St.3d 540, 2001-Ohio-1279, 751 N.E.2d 1043.

**{¶11}** Because the judgment entries provided by Respondent contradict Petitioner's claim that notice was not provided to his father and because an adequate remedy at law exists or existed, the petition for writ of habeas corpus is denied.

By: Wise, J.

Delaney, P. J., and

Baldwin, J., concur.

JWW/d 1107