[Cite as *State v. Moore*, 2022-Ohio-460.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,           :

                            :      Case No. 20CA10

     Plaintiff-Appellee,     :

                            :

     v.                      :      <u>DECISION AND JUDGMENT ENTRY</u>

                            :

BRENDAN T. MOORE,    :

                            :      **RELEASED: 02/09/2022**

     Defendant-Appellant.   :

---

<u>APPEARANCES:</u>

Lauren Hammersmith and Timothy B. Hackett, Assistant State Public Defenders, Office of the Ohio Public Defender, Columbus, Ohio, for Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Jenna J. Waldo, Assistant Lawrence County Prosecutor, Ironton, Ohio, for Appellee.

---

Wilkin, J.

{¶1} Appellant, Brendan T. Moore, appeals the Lawrence County Court of Common Pleas judgment of conviction entry. Moore pleaded guilty to felonious assault and endangering children, both second-degree felonies. The offenses were merged and the state elected to proceed on the felonious assault conviction. The trial court imposed a prison term of six to nine years.

{¶2} Moore was initially charged in juvenile court. The matter was transferred to adult court after the juvenile court made the determination that Moore was 17 years of age at the time of the offenses, there was probable cause to believe Moore committed the acts charged, and he is not amenable to rehabilitation within the juvenile justice system. Moore presents four assignments of error challenging the discretionary-bindover proceedings.

{¶3} In the first assignment of error, Moore claims his attorney was ineffective for failing to challenge the admission of his uncounseled statements to the police at the probable cause hearing.  In the second assignment of error, Moore maintains the juvenile court's finding of probable cause was not supported by the sufficiency and manifest weight of the evidence.  Moore thirdly asserts the state failed to present sufficient credible evidence to rebut the expert's testimony that deemed him amenable to rehabilitation within the juvenile system.  Finally, in the fourth assignment of error, Moore argues the juvenile court committed plain error when it failed to consider the blended serious youthful offender ("SYO") sentence before the court relinquished jurisdiction.

{¶4} We overrule Moore's four assignments of error because none of his arguments challenge the subject-matter jurisdiction of the common pleas court.  Thus, by pleading guilty to felonious assault, Moore waived all nonjurisdictional errors that purportedly occurred in his bindover proceedings.  Accordingly, we affirm Moore's conviction and sentence.

FACTS AND PROCEDURAL BACKGROUND

{¶5} In June 2019, a delinquency complaint was filed in juvenile court alleging Moore committed two second-degree felonies: felonious assault and endangering children.  The charges stemmed from Moore's conduct, when he was 17 years old, of shaking his five-month old son, D.C., causing permanent brain damage.  On the same day as the filing of the complaint, the state filed a motion to transfer the case to the common pleas court, general division, for criminal prosecution.  The state acknowledged that the transfer is discretionary.

A probable cause hearing was held on July 10, 2019.  At the hearing, Detective Sergeant Jamie Pruitt and Dr. Christina Howard testified, respectively, regarding Moore's admission to shaking D.C., and the severe permanent injuries the infant endures.  The juvenile court found that Moore "was 17 years of age at the time of the conduct charged and that there is probable cause to believe the youth committed the alleged acts that would be crimes if committed by an adult."  The trial court then required a full investigation to be completed to determine whether Moore was amenable to juvenile rehabilitation.

{¶6} A few days later, the trial court ordered Dr. Daniel Davis to perform an amenability assessment on Moore.  Dr. Davis' report was considered by the trial court at the amenability hearing that was held on January 10, 2020.  Dr. Davis determined that Moore "has at least a moderate to high probability, from a psychological standpoint, of positively responding to treatment within the juvenile justice system."  This, however, was recommended with the clarification that Moore "has intensive treatment needs. * * * [H]e will require continued intensive, multi-modal treatment."  Furthermore, Dr. Davis stated that Moore

> will require considerable intervention with an emphasis upon strict accountability for his behavior wherever the court places him.
>
> 6. He will require considerable mental health, substance abuse treatment, and cognitive behavioral interventions for his depression, anger, as well as his poor decision-making, poor social skills and emphasis upon strict accountability for his behavior.

{¶7} In addition to the admission of Dr. Davis' report at the amenability hearing, six witnesses testified, including Dr. Howard who attested to D.C.'s severe permanent injuries.  Detective Captain Joe Ross was one of the officers

who responded to the hospital and saw D.C. "lifeless." Moore admitted to Detective Ross that he shook D.C. for 10 to 15 seconds. Moore's probation officer Randy Franz was the third witness. Moore was on probation at the time of the offense after being adjudicated delinquent for possession of drugs. During probation, Moore was cooperative with probation and counseling, and also tested negative on all administered drug screens. In his opinion, Moore is mature and competent.

{¶8} Investigator Shana Aliff and caseworker Whitney Reynolds with Children Services also testified. Aliff was familiar with Moore and D.C. prior to the felonious assault incident and testified that D.C. was normal and healthy. But when she saw D.C. at the hospital, he had tubes and was just laying there. Both Aliff and Reynolds saw D.C. a week prior to their testimony and indicated that the infant does not interact and has mobility issues. D.C. resides with his maternal great-grandmother Carolyn Malone and requires care around the clock. Malone testified that D.C. is showing improvement with the assistance of his occupational, physical and speech therapists, but he still cannot be fed with a bottle and is not mobile on his own.

{¶9} The juvenile court held that Moore was not amenable to rehabilitation within the juvenile system. The trial court reached that decision after

> full consideration of [Moore's] prior juvenile record, family environment, school record, efforts previously made to treat and rehabilitate the child, the nature and severity of the offense herein, the age, physical, and mental condition of the victim as affected by the matter herein, and other matters of evidence[.]

The juvenile court also applied the factors in R.C. 2152.12(D), in which the court gave "great weight" in favor of transfer to Moore's relationship with D.C., the infant's severe permanent injuries, and that D.C. was defenseless when Moore shook him.  The juvenile court further found that "Given the gravity of the act charged and the rehabilitation needed," there is insufficient time to rehabilitate Moore since "there would be slightly more than two years remaining in the juvenile system[.]"  When considering the factors in R.C. 2152.12(E), the court found none of the factors weighed against transfer, in which Moore was previously adjudicated a delinquent child and was on probation at the time of the offense, he has no disability, and he is mature enough for transfer.  Subsequently, the court transferred the case to the general division of the common pleas court.

{¶10} Approximately two weeks later, an indictment was filed in the common pleas court, general division, charging Moore with two second-degree felonies: felonious assault and endangering children.  Moore initially pleaded not guilty to the offenses but on August 25, 2020, he reached a plea agreement with the state.  A change of plea hearing was held in which the trial court inquired of Moore's desire to plead guilty and his signature on the form.  Moore stated he voluntarily signed the jury waiver and plea forms.  The trial court then advised Moore of the constitutional rights he waives by pleading guilty, the maximum penalty he faces, and that by pleading guilty "you will make a complete admission that you committed all the acts alleged in both Count 1 and Count 2 of the indictment[.]"  Moore maintained he understood and wished to proceed with

the plea.  Moore then pleaded guilty to both offenses as charged in the indictment.

{¶11} Disposition was held on September 1, 2020.  At sentencing, the trial court merged the felonious assault and endangering children convictions, and imposed the jointly recommended prison term of six to nine years.  In December 2020, Moore requested leave to appeal out of time which we granted.

ASSIGNMENTS OF ERROR

I.      BRENDAN MOORE WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO CHALLENGE THE USE OF BRENDAN'S UNCOUNSELED, UNWARNED, AND FORCED STATEMENTS TO POLICE, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

II.     THE JUVENILE COURT'S PROBABLE CAUSE FINDINGS FOR CHILD ENDANGERING AND FELONIOUS ASSAULT WERE AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE STATE FAILED TO RAISE MORE THAN A MERE SUSPICION OF THE REQUISITE MENS REA FOR EACH OFFENSE.

III.    AFTER BRENDAN WAS DEEMED AMENABLE BY THE ONLY EXPERT EVALUATOR, THE PROSECUTOR'S OFFICE FAILED TO PROVIDE SUFFICIENT CREDIBLE EVIDENCE OF NON-AMENABILITY, IN VIOLATION OF R.C. 2152.12(B); THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

IV.     THE JUVENILE COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO CONSIDER A BLENDED SYO SENTENCE BEFORE DECIDING BRENDAN COULD NOT BE TREATED WITHIN THE JUVENILE COURT'S JURISDICTION.

{¶12} Moore argues in the first assignment of error that his counsel was ineffective for failing to contest the use of his statement to the police at the

bindover probable cause hearing because the statement was taken without the presence of a parent or guardian, and he was not advised of his *Miranda* rights. In the second assignment of error, Moore asserts the juvenile court's probable cause finding was not based on sufficient evidence and was against the manifest weight of the evidence. According to Moore, no evidence was presented to demonstrate the requisite mens rea or that he caused the injuries to D.C. Therefore, Moore maintains that the juvenile court's transfer order should be reversed.

{¶13} In the final two assignments of error, Moore challenges the juvenile court's conclusion that he was not amenable to rehabilitation within the juvenile justice system. First, Moore claims the state failed to meet its burden establishing he was not amenable and rebut the only expert evidence that he "has a moderate to high probability of positively responding to treatment within the juvenile justice system." Second, Moore requests reversal of the juvenile court's transfer decision because the court committed plain error by failing to consider a blended SYO sentence.

{¶14} The state urges us to apply our previous opinion in *State v. Powell*, 4th Dist. Gallia No. 20CA3, 2021-Ohio-200, and similarly conclude that Moore's guilty plea waives the nonjurisdictional arguments in the first three assignments of error. As for the fourth assignment of error, the state maintains the juvenile court did not commit plain error since there "is no legal rule in existence that requires a court to consider a blended sentence."

{¶15} In response, Moore contends his assignments of error challenge the transfer order, and in essence, he is challenging the subject-matter jurisdiction of the common pleas court. In addition, Moore requests that we abandon our decision in *Powell*, which according to him, stands as "an outlier decision" and misreads the Supreme Court's decision in *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542. In support of his argument that we should deviate from *Powell*, Moore cites to several cases from other appellate district courts.

{¶16} Before we expand on our rejection of Moore's contention that we deviate from *Powell*, we want to emphasize that because "the bindover proceeding is not adjudicative (the juvenile's guilt or innocence is not at issue), statutory and constitutional questions concerning the admissibility of evidence are premature and need not be addressed." *State v. Whisenant*, 127 Ohio App. 3d 75, 85, 711 N.E.2d 1016 (11th Dist.1998). Thus, a motion to suppress is not properly before a juvenile court in a probable cause hearing. *See State v. Starling*, 2d Dist. Clark No. 2018-CA-34, 2019-Ohio-1478, ¶ 32.

{¶17} In addition, the standard of proof in a probable cause hearing is not the heightened standard Moore asserts, rather, "the state must produce evidence that raises more than a mere suspicion of guilt, but need not provide evidence proving guilt beyond a reasonable doubt." *State v. Iacona*, 93 Ohio St.3d 83, 93, 2001-Ohio-1292, 752 N.E.2d 937. Here, the evidence includes Moore's statement admitting to shaking D.C. for approximately 15 seconds, which is sufficient evidence to raise more than a mere suspicion of guilt.

**{¶18}** "Juveniles facing bindover to an adult court maintain the right to object to a juvenile court's noncompliance with bindover procedures and the right to appeal from any error *in the ordinary course of law*." (Emphasis sic.) *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, ¶ 29. In the ordinary course of law,

> "[A] guilty plea * * * renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." *Menna v. New York* (1975), 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195, fn. 2. Therefore, a defendant who, like Fitzpatrick, voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson* (1973), 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235. See, also, *Ross v. Auglaize Cty. Common Pleas Court* (1972), 30 Ohio St.2d 323, 59 O.O.2d 385, 285 N.E.2d 25 (valid guilty plea by counseled defendant waives all nonjurisdictional defects in prior stages of proceedings); *State v. Spates* (1992), 64 Ohio St.3d 269, 271–273, 595 N.E.2d 351.

*State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78.

**{¶19}** A guilty plea, however, does not waive a defendant's right to challenge the subject-matter jurisdiction of the court. *See State v. Keslar*, 4th Dist. Hocking No. 98CA20, 1999 WL 1073961, *3 (Nov. 17, 1999). The focus in a court's subject-matter jurisdiction is "on whether the forum itself is competent to hear the controversy." *Smith* at ¶ 37 (Kennedy, J. concurring in judgment only). Therefore, it is "within the subject-matter jurisdiction of a juvenile court to transfer a case and within the subject-matter jurisdiction of the general division of the common pleas court to receive it." *Id.* at ¶ 39. More importantly, "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of

that jurisdiction renders the court's judgment voidable, not void." *Id.* at ¶ 40.

This includes an "error in following the statutory procedures prescribed for

conducting a bindover hearing[.]" *Id.* at ¶ 46. In summary:

> The juvenile court therefore retained its exclusive jurisdiction over Smith's case until it journalized the bindover order, which "abate[d] the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint," R.C. 2152.12(I). The general division of the common pleas court then had subject-matter jurisdiction over Smith's case and therefore had the authority to proceed to judgment.

*Id.* at ¶ 48.

{¶20} Contrary to Moore's claims, the Supreme Court in *Smith* overruled

in part *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 656 N.E.2d 1282 (1995), and

"made clear in *Smith* that only a jurisdictional defect would be potentially

cognizable in habeas corpus." *State v. Harris*, 161 Ohio St. 3d 407, 2020-Ohio-

5480, 163 N.E.3d 565, ¶ 15.

{¶21} We applied the clarifying *Smith* decision in *State v. Powell* and held

"If an error in a bindover proceeding is nonjurisdictional, it can be waived by a

voluntary guilty plea or forfeited by the failure to preserve it in the juvenile court

proceedings." 4th Dist. Gallia No. 20CA3, 2021-Ohio-200, ¶ 34. We then

overruled Powell's assignments of error concluding they were waived as they

were nonjurisdictional, including the failure to appoint a criminal investigator at

the probable cause hearing, the juvenile court's denial of his motion to suppress,

the claim that his counsel was ineffective at the probable cause hearing for not

obtaining an investigator, and the argument that the state failed to present

sufficient evidence at the probable cause hearing. *Id.* at ¶ 38, 40, 51, 55.

**{¶22}** We decline to abandon *Powell,* and note that the cases cited by Moore, with the exception of *State v. Lamb*, 6th Dist. Lucas No. L-19-1177, 2021-Ohio-87, were decided prior to *Smith*. And in *Lamb*, the Sixth District Court of Appeals did not cite to *Smith*. The Seventh District Court of Appeals, on the other hand, applied *Smith* and consistent with our *Powell* decision held that "a defendant who pleads guilty in the general division of the common pleas court waives the ability to contest the sufficiency and weight of the evidence presented at the probable cause hearing in the juvenile court." *State v. Zarlengo*, 7th Dist. Mahoning No. 20 MA 0036, 2021-Ohio-4631, ¶ 46.

**{¶23}** In the matter at bar, Moore does not dispute that the juvenile court, after finding him not amenable to rehabilitation within the juvenile system, ordered the case to be a transferred to the general division. The transfer order relinquished the juvenile court of jurisdiction with respect to Moore's act of shaking D.C. and granted the general division of the common pleas court subject-matter jurisdiction of the case. An indictment was filed charging Moore with felonious assault and endangering children, which he does not challenge as being invalid nor does he challenge the validity of his guilty plea to the offenses. Therefore, the common pleas court had the authority to proceed with judgment.

**{¶24}** Moore's four assignments of error are nonjurisdictional as they all challenge the juvenile court's exercise of its discretion finding probable cause Moore committed the offenses and concluding that Moore was not amenable to rehabilitation within the juvenile justice system. By pleading guilty to the offenses

in common pleas court, Moore waived the alleged errors in the bindover proceedings.  Wherefore, Moore's assignments of error are overruled.

SENTENCING

**{¶25}** Although not raised as an issue by either party, we sua sponte remand the case for the proper inclusion of postrelease control in the judgment entry of conviction.  Moore was convicted of felonious assault, a second-degree felony.  Pursuant to R.C. 2967.28(B)(2)'s version when Moore's disposition hearing was held, his sentence included mandatory postrelease control of three years.[1]  The trial court advised Moore at the sentencing hearing of the mandatory three-year postrelease control.  However, in the judgment entry, the trial court indicated that postrelease control was mandatory for a period of five years: "The Court has notified the defendant that post-release control is mandatory in this case for five (5) years; that after the defendant serves his prison sentence, Defendant will be placed on this mandatory five (5) year period of post-release control[.]"

**{¶26}** This is a clerical error that may be corrected by the trial court through a nunc pro tunc judgment entry of sentence.  Trial courts retain jurisdiction to correct judgment entries to reflect what the court actually decided. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 296, ¶ 19; *see also* Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time.")

---

[1] On September 30, 2021, a new version of R.C. 2967.28 took effect.  Under the new version, postrelease control is mandatory up to 3 years but not less than 18 months for second-degree felonies.  R.C. 2967.28(B)(3).

{¶27} In the matter at bar, Moore's sentence includes a mandatory three-year postrelease control which he was properly advised of at the sentencing hearing.  The error in the judgment entry of sentence should be corrected to reflect the postrelease control applicable to Moore.  Therefore, we sua sponte remand the matter to the trial court to issue a nunc pro tunc entry that properly imposes a mandatory postrelease control of three years.

CONCLUSION

{¶28} Having overruled Moore's four assignments of error, we affirm the trial court's judgment entry of conviction but remand the matter for the court to issue a nunc pro tunc entry that correctly reflects Moore's mandatory postrelease control.

**JUDGMENT AFFIRMED AND CAUSE REMANDED FOR NUNC PRO TUNC ENTRY.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED AND CAUSE REMANDED FOR NUNC PRO TUNC ENTRY and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.: Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**