[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Parker v. Black*, Slip Opinion No. 2022-Ohio-1730.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-1730

THE STATE EX REL. PARKER, APPELLANT, *v.* BLACK, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Parker v. Black*, Slip Opinion No. 2022-Ohio-1730.]

*Habeas corpus—Petition was properly dismissed under Civ.R. 12(B)(6) when the petitioner did not allege a jurisdictional defect in the transfer of his criminal case from the juvenile court to the adult court and the petitioner had an adequate remedy in the ordinary course of law by way of appeal from his judgment of conviction—Judgment affirmed.*

(No. 2021-1055—Submitted March 8, 2022—Decided May 26, 2022.)

APPEAL from the Court of Appeals for Richland County, No. 2021 CA 0038, 2021-Ohio-2739.

_____

**Per Curiam.**

{¶ 1} Appellant, Donell Parker, appeals of right from the judgment of the Fifth District Court of Appeals dismissing his petition for a writ of habeas corpus. We affirm.

## Background

{¶ 2} In 1996, a complaint was filed in the Cuyahoga County Court of Common Pleas, Juvenile Division, charging Parker with delinquency in connection with a 1987 shooting death. Parker was a minor at the time of the shooting, but he was 26 years old when the delinquency complaint was filed. The juvenile court granted the state's motion to transfer Parker to the adult court for prosecution, where a grand jury indicted Parker on three felony counts: (1) aggravated murder with prior calculation and design, with felony-murder and firearm specifications, (2) aggravated murder while committing or attempting to commit aggravated robbery, with felony-murder and firearm specifications, and (3) aggravated robbery, with a firearm specification.

{¶ 3} The state dismissed the charge of aggravated murder with prior calculation and design, and a jury found Parker guilty of the remaining aggravated-murder charge, the aggravated-robbery charge, and both firearm specifications. Parker was sentenced to 30 years to life for aggravated murder, a consecutive prison term of 10 to 25 years for aggravated robbery, and two consecutive three-year prison terms for the firearm specifications. The Eighth District Court of Appeals affirmed Parker's convictions on appeal. *State v. Parker*, 8th Dist. Cuyahoga No. 71474, 1998 WL 166170 (Apr. 9, 1998).

{¶ 4} In May 2021, Parker filed a petition for a writ of habeas corpus in the Fifth District against appellee, Kenneth Black, warden of the Richland Correctional Institution. Parker alleged that the juvenile court's transfer order was not filed and docketed in the adult court and that the juvenile court did not comply with former R.C. 2151.26 and former Juv.R. 30, both of which governed the procedure for

transferring someone from juvenile court to adult court. Parker also alleged that Counts 2 and 3 of his indictment (the counts on which he was convicted) were not "returned" to an adult-court judge in compliance with former Crim.R. 6(F). He asserted that these errors deprived the adult court of jurisdiction, entitling him to immediate release from prison.

**{¶ 5}** The Fifth District granted Black's motion to dismiss the petition, concluding that (1) Parker had not identified any jurisdictional defect in the transfer of his criminal case from the juvenile court to the adult court, (2) Parker had an adequate remedy in the ordinary course of law by way of a direct appeal or postconviction petition to address the issues raised in his petition for a writ of habeas corpus, and (3) Parker's claims were barred under the doctrine of res judicata. Parker appeals of right to this court.[1]

### Analysis

**{¶ 6}** We review de novo the Fifth District's judgment dismissing Parker's petition. *See Lunsford v. Sterilite of Ohio, L.L.C.*, 162 Ohio St.3d 231, 2020-Ohio-4193, 165 N.E.3d 245, ¶ 22. In reviewing a motion to dismiss under Civ.R. 12(B)(6), we accept as true all factual allegations in the petition. *Lunsford* at ¶ 22. The petition was properly dismissed only if it appeared beyond doubt from the petition that Parker could prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), first paragraph of the syllabus.

**{¶ 7}** "A writ of habeas corpus lies in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law." *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). "Habeas corpus will lie when a judgment is void due to lack of jurisdiction." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806

---

1. Parker filed a motion to strike Black's merit brief, arguing that the brief fails to "answer the appellant's contentions" as required under S.Ct.Prac.R. 16.03(B)(1). We deny the motion.

N.E.2d 992, ¶ 8. "Deviation from a bindover procedure gives rise to a potentially valid habeas claim only if the applicable statute clearly makes the procedure a prerequisite to the transfer of jurisdiction to an adult court." *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, ¶ 29.

{¶ 8} Parker argues that the Fifth District erred in concluding that he had an adequate remedy at law and that his claim was barred by res judicata. He points out that if the adult court lacked subject-matter jurisdiction over his criminal case, his convictions are void and may be collaterally attacked at any time. *See id.*; *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, 172 N.E.3d 1026, ¶ 8; *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 46-47. The question, therefore, is whether Parker has identified any error that deprived the adult court of subject-matter jurisdiction.

*Filing of the transfer order*

{¶ 9} Parker first alleged that the adult court never gained subject-matter jurisdiction because the transfer order was not filed and docketed in the adult court. He relies on a statement in *State v. Moore*, 2d Dist. Clark No. 2013 CA 97, 2014-Ohio-4411, ¶ 17, referring to the fact that the adult-court record in that case contained "the juvenile court's * * * order relinquishing jurisdiction and ordering Moore's case to be transferred to the court of common pleas." From this statement, Parker extrapolates that filing the transfer order in the adult court was "[t]he only way for the [adult court] to obtain jurisdiction."

{¶ 10} But Parker has not shown that the transfer order had to be filed in the adult court for that court to gain jurisdiction. The lone statement that Parker relies on in *Moore* is not a rule of law; it merely describes the record in that case. Significantly, Parker has not identified any statute requiring the transfer order to be filed in the adult court, much less a statute making such a filing a jurisdictional prerequisite to the adult court's gaining jurisdiction. *See Smith*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, at ¶ 29.

4

*Compliance with former R.C. 2151.26 and former Juv.R. 30*

{¶ 11} Parker next alleged that the adult court lacked jurisdiction because the juvenile court did not comply with former R.C. 2151.26(A)(1)(3)(a),[2] which required the juvenile court to conduct a hearing and find that he was not amenable to care or rehabilitation in "any facility designed for the care, supervision, and rehabilitation of delinquent children" before transferring him for prosecution in the adult court. Sub.H.B. No. 499, Section 1, 141 Ohio Laws, Part II, 4633, 4633-4634. Parker also alleged that he was not represented by counsel in the juvenile-court proceedings and that the juvenile court violated former R.C. 2151.26(A) and former Juv.R. 30(B) by failing to order a mental and physical examination. *See* former Juv.R. 30(B), 69 Ohio St.2d CLXXIII. The transfer order, which Parker filed with his petition, indicates that Parker was represented by counsel and that he waived both the "amenability phase" of the hearing and a mental and physical examination.

{¶ 12} The Fifth District rejected this aspect of Parker's claim, concluding that the documents Parker had submitted with his petition "do not bear out his arguments" and that "[t]he lack of a transcript does not prove that a hearing did not occur." Parker argues that this was error because the court effectively weighed the evidence in contravention of the Civ.R. 12(B)(6) standard. Parker is correct that at the pleading stage, he did not have the burden to prove his claim. *See O'Brien*, 42 Ohio St.2d 242, 327 N.E.2d 753, at paragraph ten of the syllabus. Nevertheless, we "will not reverse a correct judgment merely because erroneous reasons were given for it." *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161

---

2. Parker relies on a version of R.C. 2151.26 that was in effect until March 11, 1987. Because the conduct at issue occurred on April 24, 1987, the version of the statute enacted by Sub.H.B. No. 499, Section 1, 141 Ohio Laws, Part II, 4633, applies in this case. *See State v. Parker*, 8th Dist. Cuyahoga No. 71474, 1998 WL 166170, *1 (Apr. 9, 1998). The Revised Code was later amended for the purpose of renumbering R.C. 2151.26 to R.C. 2152.12. Am.Sub.S.B. No. 179, Section 3, 148 Ohio Laws, Part IV, 9447, 9452-9453. However, there are no material differences between the former and current statutes.

N.E.3d 571, ¶ 10. The Fifth District's judgment was correct because Parker has not alleged a jurisdictional defect.

{¶ 13} Parker relies on *State v. Newton*, 6th Dist. Fulton No. F-82-17, 1983 Ohio App. LEXIS 14868 (Jun. 10, 1983), in arguing that the procedures required under former R.C. 2151.26 and former Juv.R. 30—namely, an amenability hearing—may not be waived. But we have since clarified that the right to an amenability hearing may be waived. *State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 894, ¶ 21 (involving R.C. 2152.12, which was previously numbered R.C. 2151.26). The juvenile court's failure to conduct an amenability hearing thus did not deprive the adult court of subject-matter jurisdiction. *See Smith*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, at ¶ 18, 26, 33. Parker could have raised his arguments about the lack of an amenability hearing when he appealed his conviction.

{¶ 14} Parker also relies on *Newton* in arguing that the juvenile court did not make adequate findings in transferring jurisdiction to the adult court. But *Newton* does not support Parker's argument. *Newton* involved an appeal of a criminal conviction, not a collateral attack of a conviction through a state habeas proceeding. The holding in *Newton* demonstrates that Parker could have challenged the adequacy of the juvenile court's findings when he appealed his conviction, and it does not support his claim that the adult court lacked subject-matter jurisdiction.

{¶ 15} Parker has not shown that his remaining allegations about whether he was represented by counsel and whether he properly waived a mental and physical examination state a claim cognizable in habeas corpus. "Claims involving * * * the alleged denial of the right to counsel are not cognizable in habeas corpus." *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 7. And former R.C. 2151.26(C) permitted the waiver of a mental and physical examination. Sub.H.B. No. 499, Section 1, 141 Ohio Laws, Part II, 4633, 4634. The

fact that the examination was waivable means that the absence of an examination was not a jurisdictional defect. *See Smith* at ¶ 26.

*Compliance with former Crim.R. 6(F)*

**{¶ 16}** In his final argument, Parker alleged that the adult court did not have jurisdiction over his indictment on Counts 2 and 3, because the indictment for each of those counts was not returned to the judge in compliance with former Crim.R. 6(F), which provided that an "indictment shall be returned by the foreman or deputy foreman to a judge of the court of common pleas and filed with the clerk who shall endorse thereon the date of filing and enter each case upon the appearance and trial dockets." 34 Ohio St.2d xxxiv, effective July 1, 1973. Parker argues that "[a] proper return of an indictment requires a timestamp by the clerk of courts." He points out that a timestamp appears on the indictment for Count 1, which was ultimately dismissed by the prosecution, but a timestamp did not appear on the indictment for Counts 2 and 3.

**{¶ 17}** We have stated that a court's "felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county." *Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962). But Parker has not alleged facts supporting his claim that the adult court lacked subject-matter jurisdiction over his indictment for Counts 2 and 3 because the indictment for those counts was not delivered to the adult-court judge. In fact, Parker included with his petition a copy of the adult-court docket showing that the court and clerk of courts had a copy of the indictment for each of the three counts. Even if it is true that the clerk did not separately timestamp and docket each page of the indictment, Parker did not allege that they were not actually given to the judge.

**{¶ 18}** Parker relies on *State v. Sharp*, 5th Dist. Knox Nos. 08 CA 000002, 08 CA 000003 and 08 CA 000004, 2009-Ohio-1854, ¶ 23, which held that misdemeanor complaints had not been properly filed (and thus that a municipal court's jurisdiction had not been invoked), because the clerk had "not file-stamped

the documents nor noted the filing and date of filing in the certified transcript of docket entries." But we abrogated *Sharp* in *Zanesville v. Rouse*, holding that "[a] document is 'filed' when it is deposited properly for filing with the clerk of courts. The clerk's duty to certify the act of filing [by timestamping the document] arises only after the document has been filed." *Id.*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044, paragraph one of the syllabus, *judgment vacated in part on reconsideration in Zainesville v. Rouse*, 126 Ohio St.3d 1227, 2010-Ohio-3754, 933 N.E.2d 260. We further explained that "when a document is filed, the clerk's failure to file-stamp it does not create a jurisdictional defect." *Id*. at ¶ 8.

{¶ 19} Similarly here, the absence of timestamps on the indictment for Counts 2 and 3 does not mean that the documents were not returned to the judge under former Crim.R. 6(F). Because Parker did not allege that those documents were not delivered to the judge, he has not stated a claim that the adult court lacked subject-matter jurisdiction.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Donell Parker, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____