[Cite as *State v. Porter*, 2024-Ohio-903.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

EVAN PORTER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 BE 0008

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 18 CR 214

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Judges and
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor*, Atty. Jacob A. Manning,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Wesley A. Johnston*, for Defendant-Appellant.

Dated: March 11, 2024

**Robb, P.J.**

{¶1} Appellant, Evan Porter, appeals the February 23, 2022 judgment issued by the Belmont County Court of Common Pleas setting forth findings of fact and conclusions of law regarding Appellant's August 2020 motion for postconviction relief. He argues the trial court's denial of his petition for postconviction relief on res judicata grounds was improper. We affirm.

<u>Statement of the Facts and Case</u>

{¶2} In February of 2018, a complaint was filed alleging Appellant was a delinquent child and alleging he committed five counts of rape as an adult in violation of R.C. 2907.02(A)(1)(c), first-degree felonies. The complaint alleged he was 17 years old at the time of the offenses and the victim was 11 years old. The case was bound over to the court of common pleas pursuant to the state's request for a discretionary transfer.

{¶3} Appellant waived his speedy trial rights, and his second trial counsel noticed her appearance on his behalf on October 22, 2018. He was represented by two public defenders, one was a local public defender and the other was an assistant public defender from the Columbus office. A bill of information was filed charging him with rape in violation of R.C. 2907.02(A)(1)(c), a first-degree felony.

{¶4} The case was set for a plea to bill of information hearing on October 31, 2018. Appellant was present with his attorney, the local public defender. Appellant entered a guilty plea to one count of rape in violation of R.C. 2907.02(A)(1)(c), a first-degree felony. His plea agreement indicates the defense and state agreed to a ten-year sentence recommendation. (October 31, 2018 Guilty Plea.)

{¶5} The trial court subsequently sentenced Appellant to 11 years in prison and ordered him to register as a Tier III sexual offender and serve five years post-release control. (November 16, 2018 Sentencing Entry.) The local public defender was in attendance and represented Appellant during the hearing. (November 15, 2018 Transcript.)

{¶6} This is Appellant's third appeal after pleading guilty to one count of rape in October of 2018.

<u>Case No. 22 BE 0008</u>

**{¶7}** On November 27, 2018, Appellant filed his first appeal pro se, a direct appeal from his conviction in Seventh District Court of Appeals Case Number 18 BE 0054. He was appointed appellate counsel, a state public defender, who filed an amended notice of appeal and a motion to supplement the record on appeal. Before Appellant's brief was filed, counsel moved to voluntarily dismiss the appeal. According to the motion, it was Appellant's decision to dismiss his appeal, which we granted. (September 26, 2019 Judgment.)

**{¶8}** In August of 2020, Appellant filed a pro se petition for postconviction relief. Appellant alleged he was denied effective assistance of trial counsel since his attorneys did not inform the sentencing court about the side effects of Abilify, his Asperger's diagnosis, or about the abuse he endured in the past. Appellant attached a copy of a FDA printout detailing potential side effects from Abilify. Appellant also claimed the Juvenile Division's prosecutor knew his mother during childhood; they did not get along; and this was a denial of due process. He also claimed his defense counsel failed to inform the court of this conflict of interest. Appellant did not attach or reference evidence showing the alleged bias or its alleged negative impact on the underlying proceedings. Last, Appellant claimed his right to a speedy trial was violated because it took nine months for his case to be bound over from the juvenile system. (August 13, 2020 Petition.)

**{¶9}** He was subsequently appointed counsel, an attorney from a local law firm. The trial court scheduled his postconviction petition for a hearing and eventually overruled his motion. (October 6, 2020 Judgment.)

**{¶10}** Appellant's second appeal was from the judgment denying his petition for postconviction relief in Seventh District Court of Appeals Case Number 20 BE 0033. He was appointed appellate counsel, a different lawyer. We reversed and remanded to the trial court because it did not issue findings of fact and conclusions of law. (December 20, 2021 Judgment.)

**{¶11}** On remand, Appellant was represented by his prior counsel who represented Appellant during the postconviction proceedings before the trial court. The trial court issued findings of fact and conclusions of law after remand on February 23, 2022. This is the decision appealed here. The trial court found in part that some of Appellant's postconviction contentions should have been raised via direct appeal and

because they were not, they are barred by res judicata. It found res judicata barred his claims about ineffective assistance of counsel and speedy trial rights.

{¶12} As for Appellant's contentions about the juvenile prosecutor having a dislike for him since she attended school with his mother, the court found these issues were not raised to it during the underlying criminal proceedings. The trial court further found that other than the speculation about the potential bias, Appellant did not offer any evidence of this alleged relationship or its negative impact on the case. (February 23, 2022 Judgment.)

{¶13} The instant appeal is from the trial court's February 23, 2022 findings of fact and conclusions of law issued by the trial court after this court's remand. The trial court thereafter appointed another attorney to represent Appellant in the current appeal.

{¶14} At Appellant's request, we temporarily stayed this appeal pending the Ohio Supreme Court's decision in *State v. Blanton*, 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.3d 467, regarding the applicability of res judicata in postconviction proceedings. (September 30, 2022 Judgment.)

{¶15} Appellant raises one assignment of error on appeal.

Res Judicata & Postconviction Claims of Ineffective Assistance of Trial Counsel

{¶16} Appellant's sole assignment of error asserts:

"The trial court's denial of Appellant's application for post conviction release denial based on res judicata was improper because Appellant received ineffective assistance of counsel on direct appeal, assistant public Defender at the Ohio Public Defender's office on direct appeal advised to Dismiss Direct Appeal which subsequently precluded claims on post conviction claiming ineffective assistance of counsel by trial counsel, both of whom were public defenders, one being the Belmont County Public Defender, the other being an attorney in the Ohio State Public Defenders Office in Columbus, whom was in the same office as the Appellant's Direct appeal counsel's office."

{¶17} Appellant does not reiterate or reassert the merits of his underlying arguments raised in his August of 2020 petition for postconviction relief.

{¶18} Instead, Appellant claims for the first time on appeal that res judicata does not apply because he in essence had the same attorney at trial and on direct appeal. Appellant contends because both of his attorneys were public defenders from the same

office, we must find a conflict of interest. As a result, Appellant claims he was wholly denied the right to counsel during his direct appeal and we should conclude it was per se prejudicial citing *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346 (1988).

{¶19} *Penson*, however, did not involve a defendant who had one public defender represent him during the trial court proceedings and a different public defender in his direct appeal. In addition, *Penson* was not an appeal from a postconviction petition. *Penson* was a direct appeal in which appointed counsel filed a no merit brief and was allowed to withdraw as counsel of record. Thereafter, the appellate court permitted counsel to withdraw, granted Penson several extensions to file a brief, but denied Penson's motion for new counsel. Relying in part on arguments made by counsel representing Penson's co-defendants, the court of appeals examined the record on its own and found certain errors by the trial court. The court of appeals reversed and remanded one of Appellant's convictions but affirmed the others. *Id.* at 78-79.

{¶20} The Ohio Supreme Court declined Penson's direct appeal, but the U.S. Supreme Court granted certiorari. It found a presumption of prejudice attached because Penson was denied counsel in his direct appeal. *Id.* at 86-88. Thus, *Penson* is inapplicable here.

{¶21} Furthermore, the state counters that res judicata applies and the trial court's decision should be affirmed. It also contends Appellant is essentially claiming he was denied the effective assistance of counsel in a prior appeal such that Appellant was required to raise the issue via an application to reopen his direct appeal. Last, the state claims if this court were to address his argument, it lacks merit. The state asserts Appellant's ineffective assistance of counsel argument lacks merit since Appellant fails to raise a genuine issue about his counsel's effectiveness or demonstrate how his attorney was deficient. For the following reasons, we affirm.

{¶22} As the state contends, Appellant is raising issues here that should have been presented via a reopening of his prior appeal pursuant to App.R. 26(B).

{¶23} App.R. 26(B)(1) states:

A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed

in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

App.R. 26.

**{¶24}** App.R. 26(B) was adopted because claims of ineffective assistance of appellate counsel are not cognizable in postconviction proceedings. *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 6. "The rule was designed to offer defendants a separate collateral opportunity to raise ineffective-appellate-counsel claims beyond the opportunities that exist through traditional motions for reconsideration and discretionary appeals to [the Ohio Supreme Court] or the Supreme Court of the United States." *Id.* at ¶ 8.

**{¶25}** To justify reopening an appeal for ineffective assistance of appellate counsel under App.R. 26(B), the appellant must show there is a genuine issue as to whether appellant has a colorable claim of ineffective assistance of counsel on appeal. *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 11. The appellate court functions as a trier of fact and determines whether the appellant has demonstrated a genuine issue as to the ineffectiveness of appellate counsel. *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

**{¶26}** Because Appellant's arguments about the effective assistance of his prior appellate counsel are not proper in the instant appeal from the trial court's determination that Appellant's claims in his petition for postconviction were barred by the doctrine of res judicata, we decline to address them. *See generally State v. Sisson*, 2nd Dist. Montgomery No. 23807, 2011-Ohio-131, ¶ 16.

**{¶27}** Further, Ohio appellate courts have jurisdiction to address errors raised in a direct appeal from final orders of the courts of record inferior to the court of appeals within the district. Ohio Constitution, Article IV, Section 3(B)(2). Because this is a direct appeal from the trial court's February 23, 2022 findings of fact and conclusions of law, we are limited to arguments stemming from that judgment. App.R. 12(A). Accordingly, this court will not address the merits of his arguments that should have been raised via an application for reopening and were not raised in Appellant's petition.

Case No. 22 BE 0008

**{¶28}** Despite the fact that Appellant has seemingly abandoned his prior challenges to the trial court's decision, we address the merits of the trial court's decision.

**{¶29}** A postconviction petition is a collateral civil attack on the judgment; it is not an appeal from the criminal conviction. *State v. Stefen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). To prevail on a postconviction petition, the movant must establish a violation of his constitutional rights that renders the judgment of conviction void or voidable. R.C. 2953.21.

**{¶30}** Postconviction relief is a narrow remedy, and a petition does not permit a defendant to rehash the direct appeal of his criminal conviction. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48, quoting *State v. Steffen,* 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). Thus, res judicata bars any claim that was or could have been raised at the time of trial or on direct appeal. *Id.* at 410, 639 N.E.2d 67.

> Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Davis*, 7th Dist. Mahoning No. 11-MA-53, 2012-Ohio-4112, ¶ 8, citing *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

**{¶31}** "Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief." *State v. Clay*, 7th Dist. Mahoning No. 17 MA 0113, 2018-Ohio-985, 108 N.E.3d 642, ¶ 38, quoting *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982), syllabus.

**{¶32}** As stated, Appellant raised several claims in his August 2020 petition, which the trial court found were barred by res judicata since they could have been addressed via his direct appeal. The trial court found res judicata barred his claims about ineffective assistance of trial counsel and speedy trial rights. We agree.

**{¶33}** We review claims of ineffective assistance under the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Trial counsel is entitled to a strong presumption that their conduct falls within the wide range of reasonable assistance. *Strickland* at 689, 466 U.S. 668, 104 S.Ct. 2052; *Bradley* at 142, 538 N.E.2d 373. To reverse a conviction based on ineffective assistance of counsel, the movant must show trial counsel's conduct fell below an objective standard of reasonableness and counsel's errors were serious enough to create a reasonable probability that, but for the errors, the result of the proceeding would have been different. *Bradley* at 142, 538 N.E.2d 373.

**{¶34}** First, Appellant's speedy trial argument could have been raised in his direct appeal and is thus barred by res judicata. *State v. Grimes*, 2d Dist. Montgomery No. 26636, 2017-Ohio-25, ¶ 11 (holding counsel's failure to seek dismissal on speedy-trial grounds could have been raised on direct appeal); *State v. Lofton,* 4th Dist. Pickaway No. 12CA21, 2013-Ohio-1121, ¶ 8 (finding speedy trial rights are issues that could be raised in a direct appeal).

**{¶35}** As for Appellant's claims of ineffective assistance of counsel for failing to inform the sentencing judge about the side effects of his medication, his Asperger's diagnosis, and past abuse, his defense counsel did address these issues in a November 18, 2018 sentencing memorandum that was filed before sentencing.

**{¶36}** The sentencing memorandum was filed under seal; it urges leniency in his sentence in light of his medical diagnoses, past sexual abuse by a family member, and his young age. Attached to the sentencing memorandum is a 77-page evaluation prepared by a doctor of psychology in relation to Appellant's bindover from juvenile court. In this evaluation, the doctor goes into significant detail about Appellant's past sexual abuse, Posttraumatic Stress Disorder, his Asperger's or Autism Spectrum Disorder diagnosis, and that he was prescribed and taking Abilify. The doctor personally examined Appellant for nearly four hours and performed numerous tests. The doctor also interviewed Appellant's mother and defense counsel and reviewed Appellant's medical treatment records and therapy notes. The report indicates Appellant was prescribed and taking Abilify for Asperger's Syndrome and Bipolar Disorder, but it does not reference the alleged side effects from the medication.

**{¶37}** Regardless, the issues about his diagnoses and prior abuse were before the court and as such, these arguments are barred by res judicata because they could have been raised in the direct appeal. *State v. Blanton*, 171 Ohio St.3d 19, 2022-Ohio-3985, 215 N.E.3d 467, ¶ 2.

**{¶38}** However, "res judicata does not bar a postconviction ineffective-assistance-of-counsel claim when * * * [the petitioner] must rely on evidence outside the trial record to establish his claim for relief." *Id.*

**{¶39}** "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980); *Accord State v. Calhoun*, 86 Ohio St.3d 279, 283, 714 N.E.2d 905 (1999).

**{¶40}** The side effects of Abilify and the juvenile court prosecutor's alleged dislike of Appellant's mother were not in the trial court record. Yet, Appellant did not offer evidence of these allegations in his postconviction petition. Because Appellant did not offer evidence in this regard, we find no error.

**{¶41}** Accordingly, Appellant's assignment of error lacks merit since each of his claims in his petition was either unsupported by evidence de hors the record or barred by res judicata.

## Conclusion

**{¶42}** We decline to address Appellant's argument raised for the first time on appeal and that should have been addressed in an application for reopening of his direct appeal. Further, for the reasons stated, the trial court's decision denying Appellant's postconviction petition is affirmed.

Hanni, J., concurs.

Klatt, J., concurs.

[Cite as *State v. Porter*, 2024-Ohio-903.]

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**