[Cite as *State v. Porter*, 2024-Ohio-1868.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

EVAN PORTER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 BE 0049**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 18 CR 214

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, Belmont County Prosecutor's Office, for Plaintiff-Appellee and

Evan Porter, *Pro se,* Defendant-Appellant.

Dated:  May 14, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, Evan Porter, appeals from a Belmont County Common Pleas Court judgment denying his second petition for postconviction relief. Appellant contends he actually filed a "pre-disposition" motion as opposed to a postconviction petition and that the trial court should not have treated it as a postconviction petition and dismissed it. For the reasons discussed herein, the trial court properly treated Appellant's motion as a second postconviction petition and correctly dismissed the petition as both untimely and barred by the doctrine of res judicata.

{¶2} On October 1, 2018, a complaint was filed against Appellant (who was a juvenile, age 17 at the time), alleging he was a delinquent child for committing five counts of rape of a child under age 13, in violation of R.C. 2907.02(A)(1)(c). Appellant was bound over to the common pleas court. A bill of information was filed charging him with one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(c). Appellant entered a guilty plea to the charge on October 31, 2018. The trial court set the matter for sentencing.

{¶3} At the November 15, 2018 sentencing hearing, the trial court sentenced Appellant to 11 years in prison and designated him a Tier III sex offender. Appellant filed a timely notice of appeal on November 27, 2018. On September 26, 2019, Appellant voluntarily dismissed his direct appeal.

{¶4} On August 13, 2020, Appellant, now proceeding pro se, filed a postconviction petition. Appellant alleged he was denied effective assistance of counsel because counsel failed to inform the sentencing court about the side effects of a medication he was taking, failed to inform the court of his Asperger's diagnosis, and failed to inform the court about the abuse he suffered as a child. He also claimed the prosecutor grew up with his mother and they did not get along and that the prosecutor and his counsel failed to inform the court of this conflict of interest. Finally, he claimed his right to a speedy trial was violated because it took nine months for his case to be bound over from the juvenile system to the adult system.

{¶5} The trial court overruled Appellant's petition. Appellant filed an appeal from that judgment. On appeal, this Court reversed the trial court's judgment and remanded the matter. *State v. Porter*, 7th Dist. Belmont No. 20 BE 0033, 2021-Ohio-4630. We

found the trial court failed to comply with R.C. 2953.21(H) because it failed to issue findings of fact and conclusions of law: "Despite probably reaching the correct result, the trial court's decision is reversed and the matter is remanded with instructions for the trial court to issue findings of fact and conclusions of law as is required in R.C. 2953.21(H)." *Id.* at ¶ 27.

**{¶6}** On remand, the trial court held a review hearing. It then issued findings of fact and conclusions of law in accordance with this Court's instructions. The trial court once again denied Appellant's postconviction petition. Appellant filed a notice of appeal from this judgment. This Court recently affirmed the trial court's judgment. *State v. Porter*, 7th Dist. Belmont No. 22 BE 0008, 2024-Ohio-903.

**{¶7}** While that appeal was pending, on September 25, 2023, Appellant filed what he captioned a "Motion to Dismiss for Violation of Defendant's Constitutional Due Process Rights." In this motion, Appellant argued that he was never subject to a reverse bind-over proceeding as provided for in R.C. 2152.131. He claimed that without this proceeding, whereby the common pleas court would enter and then stay his sentence and then send the case back to juvenile court, he does not currently have a valid sentence or conviction. The trial court interpreted this motion as a second postconviction petition. The court determined that it did not have jurisdiction to consider the petition because it was filed well outside the time limits for a postconviction petition.

**{¶8}** Appellant, still proceeding pro se, filed a timely notice of appeal on November 9, 2023. He now raises a single assignment of error for our review.

**{¶9}** Appellant's sole assignment of error states:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIAL DUE PROCESS RIGHTS BY DISMISSING THE APPELLANT'S PRE-DISPOSITION MOTION AS AN "UNTIMELY POST-CONVICTION PETITION."

**{¶10}** Appellant argues the trial court erred by treating his "pre-disposition motion" as a postconviction petition. He argues that there is no conviction in this case so there can be no postconviction filings. Appellant contends there has not yet been a conviction

in his case because the trial court failed to conduct a mandatory reverse bindover proceeding required by R.C. 2152.121(B)(3).

{¶11} In *State v. Ferguson*, 2017-Ohio-7930, 98 N.E.3d 987, ¶ 83-84 (2d Dist.), the court explained when a reverse bindover proceeding is required after a juvenile is convicted in adult court:

Three options are possible:

• If mandatory transfer would have been required for the case, the adult court proceeds to sentence the juvenile as usual. R.C. 2152.121(B)(4); *see D.B.* [150 Ohio St.3d 452, 2017-Ohio- 6952, 82 N.E.3d 1162,] at ¶ 19.

• If mandatory transfer would not have been required and discretionary transfer would not have been allowed, the adult court must transfer jurisdiction of the case back to the juvenile court. R.C. 2152.121(B)(2).

• If the court determines that mandatory transfer would not have been required but that discretionary transfer would have been allowed, the adult court must "determine the sentence it believes should be imposed upon the child under Chapter 2929. of the Revised Code, shall impose that sentence upon the child, and shall stay that sentence pending completion of the procedures specified in this division. Upon imposition and staying of the sentence, the court shall transfer jurisdiction of the case back to the juvenile court that initially transferred the case and the juvenile court shall proceed in accordance with this division." R.C. 2152.121(B)(3).

Upon transfer back to the juvenile court pursuant to R.C. 2152.121(B)(3), the juvenile court is required to impose a serious youthful offender dispositional sentence. R.C. 2152.121(B)(3)(a). However, within 14 days of the transfer, the prosecuting attorney may file a motion objecting to the imposition of such a sentence and asking for the adult sentence to be invoked. R.C. 2152.121(B)(3)(b). If such a motion is filed, the juvenile court must conduct an amenability hearing. *Id*. If the juvenile court grants the prosecutor's motion, the juvenile court must transfer jurisdiction of the case

back to the adult court in which the juvenile was convicted, and the sentence that was imposed but stayed by the adult court will be invoked. *Id.*

{¶12} Appellant asserts here that option three applied to his case and that the trial court failed to stay his sentence and transfer the matter back to the juvenile court for an amenability hearing in violation of R.C. 2152.121(B)(3).

{¶13} First, Appellant's "Motion to Dismiss for Violation of Defendant's Constitutional Due Process Rights" is in substance, a postconviction petition. Other courts have found similar issues, where the appellants raised constitutional challenges to their convictions due to issues surrounding juvenile courts' failures to conduct amenability and bindover hearings, to be properly raised in postconviction petitions. *See State v. Nelson*, 10th Dist. Franklin No. 18AP-659, 2019-Ohio-1075, ¶ 11 citing *State v. Moore*, 2d Dist. Clark No. 2013 CA 97, 2014-Ohio-4411, ¶ 21; *State v. Campbell*, 10th Dist. Franklin No. 12AP-109, 2012-Ohio-5195, ¶ 6.

{¶14} A petitioner must file his postconviction petition no later than 365 days after the date on which the trial transcript is filed in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2).

{¶15} In this case, Appellant filed his direct appeal on November 27, 2018. The transcripts were filed December 28, 2018, and were later supplemented on June 11, 2019. Thus, Appellant should have filed any postconviction petitions by June 11, 2020, at the latest. He filed the petition at issue in this case on September 25, 2023, well beyond the prescribed time.

{¶16} The requirement that a postconviction petition be filed timely is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition. *State v. Beaver*, 131 Ohio App.3d 458, 461, 722 N.E.2d 1046 (11th Dist.1998) (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).

{¶17} If a postconviction petition is filed beyond the time limitation or the petition is a second or successive petition for postconviction relief, R.C. 2953.23(A)(1)(a) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is

based, or (2) after the time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

**{¶18}** Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for postconviction relief. *State v. Carter*, 2d Dist. No. 03CA-11, 2003-Ohio-4838, citing *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (1st Dist.1998).

**{¶19}** Appellant's petition was clearly untimely. Additionally, this is Appellant's second postconviction petition. Thus, the trial court was without jurisdiction to entertain it unless Appellant demonstrated one of the two alternatives set out in R.C. 2953.23(A)(1)(a), which he has not even alleged.

**{¶20}** Appellant has not claimed that the United States Supreme Court has recognized a new right that applies retroactively to him. Nor has Appellant asserted that he was unavoidably prevented from discovering the facts upon which his claim for relief is based.

**{¶21}** R.C. 2953.23(A) is jurisdictional. *State v. Shine-Johnson*, 10th Dist. Franklin No. 19AP-701, 2020-Ohio-4711, ¶ 12. If the defendant fails to make the R.C. 2953.23(A) statutory showings for an untimely, second, or successive postconviction petition, the trial court lacks jurisdiction to consider that petition for postconviction relief. *State v. Norris*, 7th Dist. Monroe No. 11 MO 4, 2013-Ohio-866, ¶ 10.

**{¶22}** Moreover, even if the trial court had jurisdiction to consider Appellant's petition, the result would be the same. Appellant's argument here that the trial court was required to, and failed to, send his case back to the juvenile court for further proceedings, is barred by the doctrine of res judicata.

**{¶23}** The Ohio Supreme Court has recognized that arguments regarding the lack of an amenability hearing before transfer to adult court are arguments properly raised in a direct appeal. *See State ex rel. Parker v. Black*, 168 Ohio St.3d 368, 2022-Ohio-1730, 198 N.E.3d 860, ¶ 13. Moreover, if a claim of improper bindover is not dependent on evidence outside the record and could have been raised in the trial court or on direct

appeal, it is barred by the doctrine of res judicata. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 102930 and 103090, 2015-Ohio-5428, ¶ 16.

**{¶24}** Appellant could have, and should have, raised this argument in a direct appeal. Not only did he fail to raise the argument in a direct appeal, he did not raise it in his first postconviction petition. And he has not cited to any evidence outside of the record preventing him from raising the issue in a direct appeal. Therefore, even if the trial court had jurisdiction to consider Appellant's petition, it would not reach the merits of Appellant's claim as it would be barred by the doctrine of res judicata.

**{¶25}** Appellant's petition was untimely, successive, does not fall under one of the exceptions, and was barred by res judicata. Thus, the trial court properly denied Appellant's petition for postconviction relief.

**{¶26}** Accordingly, Appellant's sole assignment of error is without merit and is overruled.

**{¶27}** For the reasons stated above, the trial court's judgment is hereby affirmed.


Robb, P.J., concurs.

Dickey, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**