**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Montanez v. May***, Slip Opinion No. 2026-Ohio-90.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**SLIP OPINION NO. 2026-OHIO-90**

**MONTANEZ, APPELLANT, *v.* MAY, WARDEN, APPELLEE.**

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Montanez v. May*, Slip Opinion No. 2026-Ohio-90.]**

*Habeas corpus—The evidence attached to inmate's petition demonstrates that he is imprisoned on two valid criminal judgments and that he has not yet served his maximum term under those judgments—Court of appeals' judgment granting warden's motion to dismiss affirmed.*

(No. 2025-0342—Submitted September 16, 2025—Decided January 15, 2026.)

APPEAL from the Court of Appeals for Richland County,

No. 2024 CA 0096, 2025-Ohio-229.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Sammy Montanez, is incarcerated on judgments of conviction arising out of Cuyahoga and Richland Counties. As a result of those convictions, Montanez is serving an aggregate sentence of life in prison with parole eligibility after 20 years. In November 2024, Montanez filed a petition for a writ of habeas corpus in the Fifth District Court of Appeals, arguing that his continued incarceration is unlawful because his "only journalized sentence" expired on June 25, 2024. The Fifth District dismissed the petition because Montanez had not served his maximum sentence of life in prison. We affirm the judgment.

## BACKGROUND

{¶ 2} In 2005, Montanez pleaded guilty to one count of murder (Count 1) with a firearm specification and to one count of offenses against a human corpse (Count 4) in Cuyahoga County. The trial court imposed an aggregate sentence of 18 years to life in prison: "3 years on [the] firearm spec to be served prior to and consecutive with life in prison on Count 1, without the possibility of parole for 15 years; 12 months on Count 4 – counts to run concurrently with each other." Thus, in 2005, Montanez began serving the three-year sentence imposed for the firearm specification, and when that term ended around 2008, Montanez immediately began serving the consecutive sentence of life in prison with parole eligibility after 15 years.

{¶ 3} But in 2011, while he was incarcerated on the Cuyahoga County sentence, Montanez pleaded guilty in Richland County to attempted possession of a deadly weapon while under detention. The trial court sentenced him to two years in prison, to be served consecutively to his Cuyahoga County sentence. Thus, from that point forward, Montanez was incarcerated on judgments issued in Cuyahoga and Richland Counties ordering him to serve an aggregate prison sentence of 20 years to life. And because Montanez had not yet served the minimum term imposed for his Cuyahoga County murder conviction when he was convicted in Richland

2

County, he had to serve the balance of 15 years plus the two-year Richland County sentence before becoming eligible for parole.

{¶ 4} In 2014, the Cuyahoga County trial court held a resentencing hearing without explanation and resentenced Montanez to "a total indefinite term of 18 years to life" in prison—i.e., an "[i]ndefinite prison term of 15 years to life plus [a] 3 year firearm spec to run prior to and consecutive with the underlying sentence for murder." The court also found that Montanez was entitled to 3,768 days of jail-time credit.

{¶ 5} Montanez did not appeal his Richland County sentence, but in 2021, he filed a "demand for credit for time served," asserting that his original Cuyahoga County sentence had been vacated "'in its entirety.'" *State v. Montanez*, 2022-Ohio-3026, ¶ 4 (5th Dist.), quoting the motion. The Fifth District denied relief, finding that in 2014, the Cuyahoga County trial court resentenced Montanez "to an indefinite prison term of 15 years to life, plus a 3-year firearm specification to run prior to and consecutive with the underlying sentence, for a total indefinite sentence of 18 years to life." *Id.* at ¶ 11. The Fifth District noted that Montanez's Richland County sentence would not begin to run until he had served his Cuyahoga County sentence. *Id.* at ¶ 14.

{¶ 6} In November 2024, Montanez filed a petition for a writ of habeas corpus in the Fifth District, arguing that he is "being held illegally and unlawfully and against his will" by appellee, Harold May, the warden of the Mansfield Correctional Institution. He claimed that his "only journalized sentence" expired on June 25, 2024, that the Ohio Department of Rehabilitation and Correction ("DRC") "completely deviated from the sentences imposed by both the Cuyahoga and Richland County, Ohio Common Pleas Courts," that DRC "unilaterally changed" his sentences (boldface deleted), and that "[n]either of [his] sentences reflect[s] a commitment of an indefinite term of 20 years to life as no statute or [sic]

would support a penalty of that nature absent the appropriate violation of the Ohio Revised [C]ode."

{¶ 7} The warden filed a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6), asserting that Montanez had not served his maximum sentence and had failed to comply with R.C. 2969.25(C)(1) (providing that when an inmate files in the court of appeals a civil action against a government entity or employee and seeks waiver of the filing fees, the inmate must file an affidavit containing "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier"). The Fifth District granted the warden's motion on the basis that Montanez had not served his maximum sentence of life in prison.

{¶ 8} Montanez has appealed to this court as of right.

### ANALYSIS

{¶ 9} We review de novo a decision of the court of appeals dismissing a habeas corpus petition. *State ex rel. Parker v. Black*, 2022-Ohio-1730, ¶ 6.

{¶ 10} The Fifth District dismissed Montanez's habeas petition because the Cuyahoga County trial court had sentenced him to life in prison with parole eligibility after 18 years, of which Montanez had served only the minimum when he received his first parole hearing in May 2024. *Montanez II* at ¶ 5, 10-11. A writ of habeas corpus "is appropriate only if the petitioner is entitled to immediate release from prison." *State ex rel. Carrion v. Ohio Adult Parole Auth.*, 1998-Ohio-656, ¶ 4.

{¶ 11} The evidence attached to Montanez's petition demonstrates that he is imprisoned on two valid criminal judgments and that he has not yet served his maximum term under those judgments. Yet in support of two related propositions of law, Montanez maintains that he has served his maximum sentence because his Richland County sentence was ordered to be served after and consecutively to his Cuyahoga County sentence, and his Richland County sentence expired on June 25,

2024, according to the correspondence between Montanez and the Bureau of Sentence Computation ("BOSC") that he attached to his petition. He maintains that DRC violated the separation-of-powers doctrine when it allegedly changed his sentence. Thus, Montanez reasons, he is entitled to immediate release.

{¶ 12} Montanez's arguments are inconsistent; he wants us to hold that DRC lacks authority to alter a valid criminal sentence but also to hold that correspondence that BOSC sent him is sufficient to alter the judgments of conviction, as long as the alteration is in his favor. Moreover, the exhibits attached to Montanez's petition show that a BOSC employee told Montanez in April 2024: "You are currently serving on your Richland case and this expires on 06/25/2024 which is the date you will see the parole board. Your Cuyahoga case minimum was served first and the Richland sentence was added on top of that and determines your first parole board date."

{¶ 13} Still, Montanez contends that he "[p]ossesses a clear and legal right to be released as provided by law" and that "the State/respondent and the Habeas Court alike have arbitrarily changed the valid order of the trial court sentences." Montanez's exhibits show that a BOSC employee informed him that he would appear before the parole board upon the expiration of his Richland County sentence—which he did. Because the parole board denied Montanez parole and continued his imprisonment for another ten years, he cannot show that he is entitled to habeas relief.

{¶ 14} A writ of habeas corpus "is generally available only when the petitioner's *maximum* sentence has expired and he is being held unlawfully." (Emphasis in original.) *State ex rel. Fuller v. Eppinger*, 2018-Ohio-2629, ¶ 8. "An inmate is not entitled to a writ of habeas corpus upon completion of his *minimum* sentence." (Emphasis in original.) *Id*., citing *State ex rel. Lockhart v. Sheldon*, 2016-Ohio-627, ¶ 5. As the Fifth District recognized, Montanez's arguments ignore the fact that his maximum sentence is life imprisonment. Therefore, the

Fifth District correctly dismissed Montanez's petition because a writ of habeas corpus "is appropriate only if the petitioner is entitled to immediate release from prison," *Carrion*, 1998-Ohio-656, at ¶ 4.

{¶ 15} Montanez also argues that the warden's motion to dismiss did not prove that Montanez's detention was lawful "or provide the habeas court with evidence that it had such authority." But in a habeas proceeding, "the burden is on the petitioner to establish his right to release, and the petitioner must demonstrate 'with particularity the extraordinary circumstances entitling him to habeas corpus relief.'" (Citation omitted.) *DuBose v. McGuffey*, 2022-Ohio-8, ¶ 16, quoting *State ex rel. Wilcox v. Seidner*, 1996-Ohio-390, ¶ 8. The respondent in a habeas proceeding is required to specify "only that he had [the defendant] in his custody and the authority for [the defendant's] imprisonment." *Chari v. Vore*, 2001-Ohio-49, ¶ 14.

{¶ 16} Montanez also maintains that the court of appeals erroneously dismissed his petition for a writ of habeas corpus because the warden failed to file a return in compliance with R.C. 2725.14. Contrary to Montanez's claim, the Fifth District was permitted to sua sponte treat the warden's motion to dismiss as a return of the writ and proceed to judgment. *See, e.g.*, *State ex rel. Spitler v. Seiber*, 16 Ohio St.2d 117, 118 (1968); *Hammond v. Dallman*, 63 Ohio St.3d 666, 667 (1992).

{¶ 17} Montanez is incarcerated on valid criminal judgments for a term of life in prison with parole eligibility after 20 years. He is not entitled to release from prison, and the Fifth District correctly dismissed his petition for a writ of habeas corpus.

## CONCLUSION

{¶ 18} The Fifth District Court of Appeals' judgment dismissing Montanez's petition for a writ of habeas corpus is affirmed.

Judgment affirmed.

_____

The Law Office of Eric J. Allen and Eric Allen, for appellant.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____